Nancy J. Arencibia Bar Id# 035431997
Eric G. Guglielmotti Bar Id# 016672009
JACKSON LEWIS P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960
(973) 538-6890
ATTORNEYS FOR DEFENDANTS

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| YOLANDA LACALLE, | : |
| Plaintiff, | : Civil Action No.: |
| | : |
| v | : **NOTICE OF COMPLIANCE WITH** |
| | : **28 U.S.C. § 1446(d)** |
| CENTANNI RISTORANTE, ROBERTO DASILVA, JOHN DOES 1-10, AND XYZ CORP. 1-10, | : |
| | : |
| Defendants. | : |

TO:   Clerk                                     Ty Hyderally, Esq.
      United States District Court for the      Hyderally & Associates, P.C.
      District of New Jersey                    33 Plymouth Street, Suite 202
      MLK Jr. Federal Bldg. & Courthouse        Montclair, NJ 07042
      50 Walnut Street
      Newark, NJ  07102

Pursuant to the requirements of 28 U.S.C. §1446(d), on February 14, 2019, a Notice of

Filing of Petition for Removal, a true copy of which is attached hereto as Exhibit 1, has been

filed with the Clerk of the Superior Court of New Jersey, Law Division, Bergen County.

Respectfully submitted,

By:   *s/Nancy J. Arencibia*
      Nancy J. Arencibia
      Eric G. Guglielmotti

      JACKSON LEWIS P.C.
      ATTORNEYS FOR DEFENDANTS

Dated: February 14, 2019
4841-1569-5752, v. 1

# EXHIBIT 1

Nancy J. Arencibia Bar Id# 035431997
Eric G. Guglielmotti Bar Id# 016672009
JACKSON LEWIS P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960
(973) 538-6890
ATTORNEYS FOR DEFENDANTS

| | |
|---|---|
| YOLANDA LACALLE,<br><br>          Plaintiff,<br><br>v<br><br>CENTANNI RISTORANTE, ROBERTO DASILVA, JOHN DOES 1-10, AND XYZ CORP. 1-10,<br><br>          Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BERGEN COUNTY<br>DOCKET NO.: BER-00079-19<br><br>**NOTICE OF FILING OF PETITION FOR REMOVAL** |

TO:    Clerk of the Superior Court
        Civil Division
        Bergen County Courthouse
        10 Main Street
        Hackensack, NJ 07601

Ty Hyderally, Esq.
Hyderally & Associates, P.C.
33 Plymouth Street, Suite 202
Montclair, NJ 07042

     **PLEASE TAKE NOTICE** that Defendants, Centanni Ristorante and Roberto DaSilva

("Defendants"), have forwarded for filing their notice and petition for removal of this action to the

United States District Court for the District of New Jersey on February 14, 2019. A copy of the

notice and petition filed with the United States District Court is submitted herewith as Exhibit 1.

     **PLEASE TAKE FURTHER NOTICE**, that Defendants hereby file a copy of their notice

and petition with the Superior Court of New Jersey, Bergen County, Law Division, in accordance

with 28 U.S.C. §1446(d).

Respectfully submitted,

JACKSON LEWIS P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ 07960-6834
(973) 538-6890

By:    *s/Nancy J. Arencibia*
        Nancy J. Arencibia
        Eric G. Guglielmotti

ATTORNEYS FOR DEFENDANTS

Dated: February 14, 2019
4844-1768-5640, v. 1

2

Nancy J. Arencibia Bar Id# 035431997
Eric G. Guglielmotti Bar Id# 016672009
JACKSON LEWIS P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960
(973) 538-6890
ATTORNEYS FOR DEFENDANTS

YOLANDA LACALLE,                          :    SUPERIOR COURT OF NEW JERSEY
                                          :    LAW DIVISION: BERGEN COUNTY
                    Plaintiff,            :    DOCKET NO.: BER-00079-19
                                          :
v                                         :
                                          :
CENTANNI   RISTORANTE,   ROBERTO          :    **CERTIFICATE OF SERVICE**
DASILVA, JOHN DOES 1-10, AND XYZ          :
CORP. 1-10,                               :
                                          :
                    Defendants.           :

I hereby certify that on this date, true and correct copies of Defendants' Notice of Filing of Petition for Removal and this Certificate of Service were filed with the Clerk via the eCourts system and also served upon Plaintiff's counsel, Ty Hyderally, Esq., Hyderally & Associates, P.C., 33 Plymouth Street, Montclair, New Jersey 07042 by sending said documents, via the eCourts system and e-mail on this 14th day of February 2019.

Lori Cell
Lori Cell

Dated: February 14, 2019

4825-3863-7448, v. 1

# EXHIBIT 1

Nancy J. Arencibia Bar Id# 035431997
Eric G. Guglielmotti Bar Id# 016672009
JACKSON LEWIS P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960
(973) 538-6890
ATTORNEYS FOR DEFENDANTS

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

YOLANDA LACALLE,             :

           Plaintiff,        :

v                           :

CENTANNI RISTORANTE, ROBERTO  :
DASILVA, JOHN DOES 1-10, AND XYZ  :
CORP. 1-10,               :

           Defendants.      :

Civil Action No.:

**NOTICE AND PETITION FOR
REMOVAL OF CASE FROM THE
SUPERIOR COURT OF NEW JERSEY,
LAW DIVISION, BERGEN COUNTY**

TO:   Clerk
       United States District Court for the
       District of New Jersey
       MLK Jr. Federal Bldg. & Courthouse
       50 Walnut Street
       Newark, NJ 07102

Ty Hyderally, Esq.
Hyderally & Associates, P.C.
33 Plymouth Street, Suite 202
Montclair, NJ 07042

Defendants, Centanni Ristorante and Roberto DaSilva ("Defendants"), pursuant to 28

U.S.C. §§ 1331, 1441, and 1446, respectfully submits this Notice and Petition For Removal of a

Case from the Superior Court of New Jersey, Law Division, Bergen County, bearing Docket No.

L-79-19, and as grounds for removal allege as follows:

       1.      On or about January 4, 2019, Plaintiff Yolanda Lacalle ("Plaintiff") filed a civil

action captioned <u>Yolanda Lacalle v. Centanni Ristorante, Roberto DaSilva, John Does 1-10, and</u>

<u>XYZ Corp. 1-10</u>, Docket No. BER-L-000079-19, in the Superior Court of New Jersey, Law

Division, Bergen County. A true and correct copy of the Complaint in that action is attached hereto as Exhibit A.

2.     Defendants were served with a copy of the summons and complaint on January 16, 2019, which is within thirty (30) days of the filing of this notice and petition for removal. The summons and complaint were the initial pleadings received by Defendants setting forth the claims upon which Plaintiff's action is based.

3.     This notice and petition is timely filed within the provisions of 28 U.S.C. § 1446. Defendants have effected removal within thirty (30) days of receipt by it of a paper from which it could first be ascertained that this action is removable. See 28 U.S.C. § 1446.

4.     No proceedings have taken place in the state court action. Defendants have not served an answer or responsive pleading to Plaintiff's Complaint or made any appearance or argument before the Superior Court of New Jersey.

6.     In the Complaint, Plaintiff alleges, *inter alia*, that Defendants violated her rights under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* See Exhibit A, Complaint, Count VIII.

7.     Accordingly, this action is removable to this Court on the ground that original jurisdiction over Plaintiff's claims exists pursuant to 28 U.S.C. § 1331, by virtue of its federal question jurisdiction arising out of Plaintiff's claims under the FLSA, 29 U.S.C. § 201, *et seq.*

8.     Pursuant to 28 U.S.C. §1441(a), this action may be removed to this Court because it is founded, in part, on claims or rights arising under the laws of the United States.

9.     Pursuant to 28 U.S.C. §§ 1367 and 1441(c), this Court has supplemental jurisdiction over Plaintiff's additional causes of action, sex and gender discrimination in violation of the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. § 10:5-1 *et seq.*, sexual harassment in

violation of the LAD, retaliatory discharge in violation of the LAD and the Conscientious Employee Protection Act ("CEPA"), N.J.S.A. 34:19-1 *et seq.*, violation of the New Jersey Wage and Hour Law, and violation of the New Jersey Wage Payment Law.

10.    Venue is proper in this Court pursuant to 28 U.S.C. §1441(a).

11.    Defendants file this Notice of Removal without waiving any defenses to the claim(s) asserted by Plaintiff, including improper service of process, or conceding that Plaintiff has pled claim(s) upon which relief can be granted.

12.    Pursuant to 28 U.S.C. § 1446(d), Defendants have given written notice of the removal of this action to all adverse parties, and has filed a copy of this notice with the Clerk of the Superior Court of New Jersey, Law Division, Bergen County.

WHEREFORE, Defendants respectfully request that the within action, now pending in the Superior Court of New Jersey, Law Division, Bergen County, be removed to the United States District Court for the District of New Jersey.

Respectfully submitted,

JACKSON LEWIS P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ 07960-6834
(973) 538-6890

Dated:  February 14, 2019        By:    /s/ Nancy J. Arencibia
                                        Nancy J. Arencibia
                                        Eric G. Guglielmotti
                                        ATTORNEYS FOR DEFENDANTS

4834-1105-2680, v. 1

3

# EXHIBIT A

**Ty Hyderally, Esq. (Atty. ID No.: 023231993)**
**Hyderally & Associates, P.C.**
33 PLYMOUTH STREET, SUITE 202
MONTCLAIR, NEW JERSEY 07042
TELEPHONE (973) 509-8500
FACSIMILE (973) 509-8501
Attorneys for Plaintiff: Yolanda Lacalle

| | |
|---|---|
| **YOLANDA LACALLE,** | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION: BERGEN COUNTY |
| **PLAINTIFF,** | DOCKET NO.: |
| **VS.** | CIVIL ACTION |
| **CENTANNI RISTORANTE, ROBERTO DASILVA, JOHN DOES 1-10, AND XYZ CORP. 1-10,** | **COMPLAINT AND JURY DEMAND** |
| **DEFENDANTS.** | |

Plaintiff, Yolanda Lacalle ("Lacalle" or "Plaintiff") who resides at 2 Hoover Street, North Arlington, NJ 07031, Bergen County, by way of this Complaint against the Defendants, Centanni Ristorante ("Centanni"), Roberto DaSilva ("DaSilva"), John Does 1-10, and XYZ Corp. 1-10 (hereinafter collectively the "Defendants") hereby says:

## I. Nature of Action, Jurisdiction, and Venue

1.  This is an action seeking equitable and legal relief for: (1) a violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. ("LAD") (sex and gender discrimination); (2) a violation of the LAD (sexual harassment); (3) a violation of the LAD (sexual harassment/hostile work environment); (4) a violation of LAD (retaliation); (5) a violation of the Conscientious Employee Protection Act, N.J.S.A. 34:19-1 et seq. ("CEPA"); (6) a violation of the New Jersey Wage and Hour Law, N.J.S.A. 34;11-56a *et. seq.;* (7) a violation of the New Jersey Wage Payment Act, N.J.S.A. 34:11-4.1, *et.seq.;* and (8) a violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et. seq.* ("FLSA").

2.   This court has jurisdiction due to the nature of the action and the amount in controversy. Additionally, Plaintiff has satisfied all prerequisites to bringing these claims.

3.   Venue is appropriate in this court since Plaintiff lives in Bergen County, Defendants were located in and did business in Bergen County during the relevant time period, and the causes of action accrued in Bergen County, New Jersey.

## II. Parties

4.   Lacalle, whose gender is female, was a Bartender for Centanni, which is located at 11-35 River Road, North Arlington, New Jersey 07031.

5.   Plaintiff was an employee of the Defendant Corporation and performed job related duties in the State of New Jersey.

6.   During the relevant time period, Roberto DaSilva was the Owner of Centanni.

7.   Additionally, DaSilva was a senior management level employee who controlled Plaintiff's workplace and supervised Plaintiff and (1) aided the employer in performing a wrongful act that caused an injury; (2) was generally aware of his role as part of an illegal or tortious activity at the time he provided assistance; and (3) knowingly and substantially assisted the employer in the principal violation of the statutes referenced herein.

8.   During the relevant time period, JOHN DOES 1-10 are currently unknown employees who were either senior management level employees who controlled Plaintiff's workplace, and supervised Plaintiff and aided and/or abetted in the commission of conduct complained of herein and/or who either acted within the scope of their employment at the workplace during working hours, or, to the extent they went beyond the scope of their employment, Defendants ratified, embraced and added to his conduct. As the parties engage in discovery, Plaintiff retains the right to amend the Complaint to add these individual employees by name.

9.   During the relevant time period, XYZ Corp. 1-10 are unknown affiliated corporations or entities or other corporations who have liability for the claims set forth herein. As the parties engage in discovery, Plaintiff retains the right to amend the Complaint to add these individual entities by name.

10.  Thus, all Defendants are subject to suit under the statutes alleged above.

- 2 -

11.     At all times referred to in this Complaint, employees of the Corporate Defendants, who are referred to herein, were acting within the scope of their employment at the workplace during working hours, or, to the extent that they were not so acting, the corporate defendants ratified, embraced and added to their conduct.

### III. Factual Allegations

12.     Lacalle started working as a bartender at Bensi's Restaurant on or about August 2012.

13.     Lacalle was hired by Louise (lnu).

14.     Approximately in late 2013, Bensi's changed its name to Centanni Ristorante.

15.     From 2014-2015, Defendant laid off all the bartenders.

16.     In 2015, Lacalle returned to work for defendants as a bartender.

17.     Lacalle performed her duties in an exemplary manner despite having to endure sexually harassing comments and actions and gender discrimination from Defendants.

18.     Finally, Lacalle could not endure the sexual harassment and gender discrimination and she filed a police report on June 17, 2016. (Exhibit "1")

19.     Lacalle reported the harassing and discriminatory comments made by DaSilva, the owner of Centanni and made specific reference to DaSilva making sexual comments about female private parts in the workplace.

20.     For example, DaSilva was sitting at the bar next to waiter and bartender Kevin Korzikowski ("Korzikowski") and takeout employee (female) Angel (lnu) and discussing a woman's "pussy".

21.     DaSilva demeaned women by openly gawking at women's bodies. When Lacalle advised him that he could not do such things, DaSilva replied with words to the effect that he was not doing anything; he was just looking.

22.     Due to the fact that upper level management openly condoned and engaged in derogatory and harassing comments about women, other employees of Defendants engaged in similar behavior.

23.     Kitchen staff repeatedly made comments about "fixing up" Lacalle with Poncho (lnu) "to have babies because he has no woman".

3

24. Plaintiff told the staff numerous times to stop making sexually harassing comments to her; however, they persisted.

25. A cook, Alberto (lnu) and dishwasher, Jerry (lnu) made constant comments about Lacalle's body.

26. For example, Alberto frequently asked Lacalle how she got her derriere and breasts to stand up like they did and how she got them to look so good.  Jerry would touch Lacalle, kiss her, hug her, and ask her to marry him.  Jerry further commented about how good Lacalle looked and how she had a nice body.

27. Lacalle complained about the sexual harassment; however, no remedial action occurred.

28. On June 15, 2016, when Lacalle complained to DaSilva about the sexual harassment, he told her to "wear different clothes".

29. Such a comment by the owner of the restaurant reflects an environment permeated by sexual harassment, gender discrimination and a general lack of respect for female employees.

30. DaSilva openly admitted that Lacalle had complained of sexual harassment and staff speaking offensively.  However, he refused to take curative action.

31. When Lacalle persisted in her complaint, DaSilva became agitated and yelled expletives at Lacalle.

32. In the Fall of 2017, Korzikowski told Lacalle she was menopausal in the presence of DaSilva.

33. Korzikowski's comments were characteristic of his disregard for women as he constantly cursed at Lacalle and told her to go "f...k" herself.

34. Lacalle complained to DaSilva about the comment, however no curative action occurred.

35. In October, 2017, Plaintiff asked a worker in the kitchen, Omar (lnu), if he would be interested in a baby carriage she owned as he had numerous children.

36. Omar responded that he had five (5) children and asked Lacalle if "she'd like to", making a hand gesture and sexually suggestive hip thrusting movements.

37. On October 22, 2017, Lacalle was so humiliated and offended by the comment that she filed a police report with the North Arlington Police Department.  (Exhibit "2").

4

38.   Lacalle complained to DaSilva about Omar's comment and the other sexual harassment and discrimination she endured in the workplace.

39.   DaSilva completely demeaned Lacalle's complaint and disregarded the fact that he openly condoned and engaged in rampant sexual harassment and gender discrimination in his workplace.

40.   Lacalle was finally so emotionally traumatized by the sexual harassment, gender discrimination, and retaliation she encountered in the workplace, along with DaSilva's persistent refusal to take any curative action and retaliatory responses, that on Tuesday, October 24, 2017, she sent DaSilva a lengthy text message chronicling the harassment and discrimination she had endured. (Exhibit "3").

41.   Further, Lacalle asked that DaSilva comply with the wage laws and IRS regulations and pay her in compliance with the law.

42.   Lacalle complained about being paid off the books and not being paid for all the time she worked.

43.   Lacalle's complaint specifically put Defendants on notice of their violation of the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq.* ("Wage and Hour Law"); the New Jersey Wage Payment Act, N.J.S.A. 34:11-4.1, *et seq.* ("Wage Payment Act"), and the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA").

44.   Lacalle's complaint about the Wage and Hour Law, Wage Payment Act, and FLSA violation brought her within the protections of the Conscientious Employee Protection Act, N.J.S.A. 34:19-1 et seq. ("CEPA").

45.   That same evening, DaSilva responded that everyone was sick and tired of Lacalle's complaints. He further refused to take any curative action pertaining to her CEPA complaints. Further, DaSilva made specific reference to his outrage that Lacalle called the police on October 22, 2017. DaSilva closed by stating that he was bringing a partner into the business who would not "want certain people here so this *[sic]* better off if you just resign…" (Exhibit "4").

46. Later that evening, DaSilva then sent a follow up text message noting that he was terminating Lacalle subsequent to her complaint of sexual harassment, gender discrimination, and retaliation and her CEPA based complaint. (Exhibit "5").

47. DaSilva's text of October 24, 2017 made reference to a conversation with Lacalle. However, DaSilva and Lacalle didn't have a conversation.

48. Lacalle then sent a text on October 25, 2017 acknowledging the text messages terminating her and asking that Defendants return her bartending license. (Exhibit "6").

49. Defendants failed to respond and have failed to return Lacalle's bartending license.

50. Defendants' refusal to return Lacalle's bartending license comprises another act of reprisal.

51. At the time of her termination, Plaintiff was making approximately $100 a night in wages and tips.

52. These benefits of employment make up Plaintiff's claim for damages.

## Count I
## (LAD)
## (Gender Discrimination/Harassment)

53. Plaintiff realleges and incorporates herein the other paragraphs contained in this Complaint.

54. The foregoing facts and circumstances demonstrate that Defendants have violated the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq., by engaging in gender discrimination/Harassment.

55. As a direct and proximate result of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries and/or physical injury. Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Plaintiff's life. Moreover, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

56. Further, Plaintiff has been required to retain an attorney to assist Plaintiff in asserting Plaintiff's claims and protecting Plaintiff's rights.

6

**Count II**
**(LAD)**
**(Sexual Harassment)**

57.     Plaintiff realleges and incorporates herein the other paragraphs contained in this Complaint.

58.     The foregoing facts and circumstances demonstrate that Defendants have violated the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq., by engaging in acts of sexual harassment.

59.     As a direct and proximate result of the actions of Defendants Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries and/or physical injury. Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Plaintiff's life. Moreover, Plaintiff may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

60.     Further, Plaintiff has been required to retain an attorney to assist Plaintiff in asserting Plaintiff's claims and protecting Plaintiff's rights.

**Count III**
**(LAD)**
**(Sexual Harassment/Hostile Work Environment)**

61.     Plaintiff realleges and incorporates herein the other paragraphs contained in this Complaint.

62.     The foregoing facts and circumstances demonstrate that Defendants have violated the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq., by engaging in acts of hostile work environment.

63.     As a direct and proximate result of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries and/or physical injury. Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living,

7

and a diminished capacity to enjoy Plaintiff's life.  Moreover, Plaintiff may have to incur expenses for medical, psychiatric, and/or psychological counseling and care.  Plaintiff's damages have been experienced in the past, and they will continue into the future.

64.    Further, Plaintiff has been required to retain an attorney to assist Plaintiff in asserting Plaintiff's claims and protecting Plaintiff's rights.

**Count IV**
**(LAD)**
**(Retaliation)**

65.    Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

66.    The foregoing facts and circumstances demonstrate that Defendants have violated the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq., by retaliating against Plaintiff for complaining about such discrimination and/or harassment.

67.    As a direct and proximate result of the actions of Defendants Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries and/or physical injury.  Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Plaintiff's life.  Moreover, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

68.    Further, Plaintiff has been required to retain an attorney to assist Plaintiff in asserting Plaintiff's claims and protecting Plaintiff's rights.

**Count V**
**(CEPA)**

69.    The Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint, unless noted below.

70.    Plaintiff complained about illegal wage practices.

71.    Defendants retaliated against Plaintiff because plaintiff did one or more of the following:

(a) disclosed or threatened to disclose to a supervisor or a public body an activity, policy or practice of the employer or another employer, with whom there is a business

8

relationship, that the Plaintiff reasonably believed is in violation of a law, or a rule or regulation promulgated pursuant to law;

      (b) Provided information to, or testified before, any public body conducting an investigation, hearing or inquiry into any violation of law, or a rule or regulation promulgated pursuant to law by the employer or another employer, with whom there is a business relationship; or

      (c) Objected to, or refused to participate in an activity, policy or practice which Plaintiff reasonably believed:

            (1) is in violation of a law, or a rule or regulation promulgated pursuant to law; or

            (2) is fraudulent or criminal; or

            (3) is incompatible with a clear mandate of a public policy concerning the health, safety, or welfare or protection of the environment.

72. The above actions of Defendants demonstrate that they are in violation of CEPA.

73. The factual predicate for this CEPA complaint are distinct and separate from the factual predicate for the LAD claims.

74. As a direct and proximate result of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries, and/or physical injury.

75. Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Plaintiff's life.

76. Moreover, Plaintiff has had to incur expenses for medical, psychiatric, and/or psychological counseling and care.

77. Plaintiff's damages have been experienced in the past, and they will continue into the future.

78. Further, Plaintiff has been required to retain an attorney to assist Plaintiff in asserting Plaintiff's claims and protecting Plaintiff's rights.

## Count VI
### (New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq.*)

79. Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

80. The actions of Defendants give rise to a violation of the New Jersey Wage and Hour Law.

81. As a direct and proximate result of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries, and/or physical injury. Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Plaintiff's life. Moreover, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

82. Further, Plaintiff has been required to retain an attorney to assist Plaintiff in asserting Plaintiff's claims and protecting Plaintiff's rights.

## Count VII
### (New Jersey Wage Payment Act, N.J.S.A. 34:11-4.1, *et seq.*)

83. Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

84. The actions of Defendants give rise to a violation of the New Jersey Wage Payment Act.

85. As a direct and proximate result of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries, and/or physical injury. Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Plaintiff's life. Moreover, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

86. Further, Plaintiff has been required to retain an attorney to assist Plaintiff in asserting Plaintiff's claims and protecting Plaintiff's rights.

10

## Count VIII
### (FLSA)

87.  The plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

88.  The actions of Defendants give rise to a violation of the FLSA.

89.  As a direct and proximate result of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries, and/or physical injury. Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Plaintiff's life. Moreover, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

90.  Further, Plaintiff has been required to retain an attorney to assist Plaintiff in asserting Plaintiff's claims and protecting Plaintiff's rights.

**WHEREFORE,** as to each and every count, Plaintiff demands judgment on each and all of these Counts against the Defendants jointly and severally, as follows:

A.  Compensatory damages of not less than $250,000;

B.  Damages for lost wages and benefits, back pay, front pay (or reinstatement);

C.  Damages for humiliation, mental and emotional distress;

D.  Statutory damages, if applicable;

E.  Punitive damages and or liquidated damages where permitted by law;

F.  Attorneys' fees and costs of suit;

G.  Lawful interest - including pre-judgment interest on lost wages;

H.  Lawful interest - including pre-judgment interest on any wages not paid in a timely manner; and

I.  Such other, further and different relief as the Court deems fitting, just and proper.

Plaintiff hereby reserves the right to amend this Complaint to supplement or modify the factual obligations and claims contained herein, based upon information received from the defendants, witnesses, experts, and others in the course of discovery in this matter.

11

BER-L-000079-19  01/04/2019 11:47:48 AM  Pg 12 of 29 Trans ID: LCV201919544

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 4:35-1(a) and (b), plaintiff respectfully demands a trial by jury on all issues in the within action so triable.

## DESIGNATION OF TRIAL COUNSEL

In accordance with Rule 4:25-4, TY HYDERALLY is hereby designated as trial counsel on behalf of plaintiff.

## R. 4:5-1(b)(2) CERTIFICATION OF NO OTHER ACTIONS OR PARTIES

I hereby certify that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, that no other action or arbitration proceeding is contemplated, and that there are no other parties known to me at this time who should be joined as parties to this action.

## DEMAND FOR PRODUCTION OF INSURANCE AGREEMENTS

Pursuant to R. 4:10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the judgment.

If so, please attach a copy of each, or in the alternative state, under oath and certification: (A) policy number; (b) name and address of insurer; (c) inception and expiration date; (d) names and addresses of all persons insured thereunder; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits.

DATED:        January 4, 2019

HYDERALLY & ASSOCIATES, P.C.
*Attorneys for Plaintiff*

By:

TY HYDERALLY, Esq.
*For the Firm*

T:\Law Offices of Ty Hyderally\Lacalle Yolanda\Pleadings\010419.COM.doc

# Exhibit "1"

BER-L-000079-19   01/04/2019 11:47:48 AM   Pg 14 of 29 Trans ID: LCV201919544



# North Arlington PD
## 214 Ridge Road
### North Arlington, NJ 07031
Phone:   (201) 991-4400     Fax:   (201) 991-4068

## Records Report

Incident# : 16-006227

## INCIDENT DETAILS

| Incident# | CAD CFS | Reported Date |
|---|---|---|
| 16-006227 | 2455 HARASSMENT - All Other | 06/17/2016 16:13:28 |
| RMS CFS | Crime Location | Receive Source |
| 2455 - HARASSMENT - All Other | CENTANNI PIZZA PASTA GRILL | Walk-In |
| | 27 RIVER RD NORTH | |
| | ARLINGTON,NJ  07031 | |
| CAD Disposition | Call Taker | Dispatcher |
| OPEN | 831-McDermott, George | 831-McDermott, George |
| Primary Officer | Unit | |
| 90-Hudak, David | | |
| CFS Description | Location Type | Att-Comp |
| 2455 HARASSMENT - All Other | | Completed |

## NARRATIVE DETAILS

| Narrative Type | Narrative Date | Reported By | Approving Officer |
|---|---|---|---|
| NI - Initial Narrative | 06/17/2016 | 90-Hudak, David | 73-Sandowick, Daniel |

### Narrative

On the above date and time, Yolanda Lacalle walked into headquarters for a harassment report. Ms. Lacalle stated she works at Centanni Restaurant(27 River Road), and over the past year has been harassed by both the owner, Roberto Dasilva, and the kitchen staff.  Ms. Lacalle stated Mr. Dasilva is verbally abusive and is always making derogatory comments to her. Ms. Lacalle stated he also has made sexual comments about female's private parts not directly to her, but she heard them and feels it is offensive.

Furthermore, Ms. Lacalle stated the kitchen staff(no names or pedigree were given) constantly makes comments to her about her body parts. Ms. Lacalle stated she has asked them to stop and approached Mr. Dasilva about their comments to her, and he stated to her that he can not control what the staff in the kitchen says to her, and then proceeds to yell at her.

Ms. Lacalle did not have specific incidents and exactly comments to report, but stated it has been ongoing over the past year. Ms. Lacalle did not wish to sign any complaints at this time, but wanted the incident documented. No further police action at this time. ///DH#90\\\

# Exhibit "2"

BER-L-000079-19   01/04/2019 11:47:48 AM   Pg 16 of 29 Trans ID: LCV201919544



# North Arlington PD
## 214 Ridge Road
## North Arlington, NJ 07031
Phone:   (201) 991-4400     Fax:   (201) 991-4068

## Records Report

Incident# :17-008938

### INCIDENT DETAILS

| Incident# | CAD CFS | Reported Date |
|---|---|---|
| 17-008938 | 8517 MATTER OF RECORD/CIVIL | 10/22/2017 22:26:23 |
| RMS CFS | Crime Location | Receive Source |
| 8517 - MATTER OF RECORD/CIVIL | CENTANNI PIZZA PASTA GRILL 27 RIVER RD NORTH ARLINGTON,NJ 07031 | Officer-Initiated |
| CAD Disposition | Call Taker | Dispatcher |
| FINISHED | 853-Imbrenda, Christopher | 853-Imbrenda, Christopher |
| Primary Officer | Unit | |
| 98-Valakas, Nicholas | | |
| CFS Description | Location Type | Aft-Comp |
| 8517 MATTER OF RECORD/CIVIL | | Completed |

### NARRATIVE DETAILS

| Narrative Type | Narrative Date | Reported By | Approving Officer |
|---|---|---|---|
| NI - Initial Narrative | 10/22/2017 | 98-Valakas, Nicholas | 80-Edwards, Gary |

Narrative

On the above date and time, Yolanda Lacalle walked into police headquarters stating she wanted an incident documented that occurred in her workplace(Centanni). Ms. Lacalle who is currently an employee of Centanni stated at approximately 1900 hours she approached her co-worker Omar and asked him if he would would be interested in a baby carriage that she owns. Mr. Lacalle was willing to give the carriage to Omar if he was interested. Ms. Lacalle then asked how many children Omar currently had, Omar responded by stating he had 5 children then followed up by making a hip thrusting gesture towards Ms. Lacalle. Ms. Lacalle was offended by the gesture and wanted the incident documented incase she decides to pursue legal action at a later time.

No further police action at this time.

\\\NV#98///

# Exhibit "3"



all Verizon  1:56 PM  79%

RC

Roberto-DaSilva-bensi

Tue, Oct 24, 5:55 PM

Roberto,

I have put up with so much abuse working for you. It has been relentless and continues through today, even though I have been complaining about the sexual harassment and discrimination for a long time. I have filed police complaints about it as you know and begged with you to talk to the staff to stop them from the harassment and negative comments about me because I am a woman.

You have screamed at me and cursed at me when I complained to you.

The stress that I have suffered is incredible. Yet you don't care. I know I am only a

   iMessage



RC

Roberto Dasilva-bensi

care. I know I am only a bartender and you are the owner, but I am a human being.

When I complained about constant comments about my derrière and my breast and the gestures, you took no action. I am sick and tired of being felt like a piece of meat. Alberto and Jerry the former dishwasher made constant comments about my derriere and my breasts. How they look good, etc. Maybe the staff thinks it's funny and okay. The head chef just laughed when Alberto asked me how I got my "ass" to stand up like that and said it looked good. The constant comments about my breast looking good. Comments about fixing me up with Poncho and how I should hook up with him and have babies because he has no

    iMessage



babies because he has no woman. Omar with his sexual gestures. Kevin cursing at me and telling me to go "f..k" myself and saying that I am menopausal.

No one should have to go through what I have gone through. I am begging you to talk to the staff and take the appropriate action.

I also have been talking to you about wanting to be paid legally and on the books. When will this happen?  I also would like to be paid for all the hours I work.  Even though I am here till after 11 pm every shift. You pay me only 3-9 on Sunday and 4-10 on Wednesday.

I have tried talking to you about these things and nothing happens. Hopefully this text



Roberto DaSilva-bensi

and 4-10 on Wednesday.

I have tried talking to you about these things and nothing happens. Hopefully this text will get something done.

Yolanda

Yolanda all the Restaurant in north Arlington pay by the shift. With regards to your accusing everybody and all that the staff in the kitchen is also getting tired and know all the screaming and yelling to them and they are sick and tired of that that you call them immigrants so they're tired as well so when you scream at them they're not gonna do it for you because that's called respect. So my recommendation is if you're not happy here and want to walk them to leave because I have

  iMessage 

Exhibit "4"



RC

Roberto DaSilva bensi

Yolanda all the Restaurant in north Arlington pay by the shift. With regards to your accusing everybody and all that the staff in the kitchen is also getting tired and know all the screaming and yelling to them and they are sick and tired of that that you call them immigrants so they're tired as well so when you scream at them they're not gonna do it for you because that's called respect.So my recommendation is if you're not happy here and want to walk them to leave because I have two people in the kitchen and I don't want to leave if you continue working here so my recommendation is I'll just call it quits know we got your way they go their way and you have no problems it's whatever. Also by you calling the police on Sunday that I'm really ticked off

  iMessage



Roberto DaSilva-bensi

Sunday that I'm really ticked off
and pissed off because all
about a bull shit over food Also
you don't want to make you
egg scramble eggs and bacon
and then using all myself and
then when they do it for you I
don't like it too bad I'm not
here to make you breakfast I'm
not I'm on a timer so I'm at my
recommendation is you
resigning in the other two guys
resigning as well because I'm
not 20 pounds are both booked
with both sides out enough is
enough and I'm tired of it and
I'm about to take handsome
and different situation the
difference approach. And also
I'm bringing a partner in now
starting next week and he's not
gonna want certain people
here so this better off if you
just resign because you know
you're wanting to let you on the
list for as well as three other

   

BER-L-000079-19   01/04/2019 11:47:48 AM  Pg 25 of 29 Trans ID: LCV201919544



**RC**

Roberto DaSilva-bensi

just resign because you know you're wanting to let you on the list for as well as three other people in the kitchen so I can bring his own crew and eventually gonna be buying me out within a month or so

Tue, Oct 24, 7:46 PM

After talking to you and thinking the best way is for you not to work for me any more. And that's my final decision. I wish you the best of luck and best of health as well. It was a fun Experience working with you. That would be the best for both of us. So once I wish you the best of luck Yolanda

Wed, Oct 25, 3:51 PM

Roberto,

I received your text messages terminating me and asking that

  

iMessage

# Exhibit "5"



**RC**

Roberto DaSilva-bensi

just resign because you know you're wanting to let you on the list for as well as three other people in the kitchen so i can bring his own crew and eventually gonna be buying me out within a month or so

Tue, Oct 24, 7:46 PM

After talking to you and thinking the best way is for you not to work for me any more. And that's my final decision. I wish you the best of luck and best of health as well. It was a fun Experience working with you. That would be the best for both of us. So once I wish you the best of luck Yolanda

Wed, Oct 25, 3:51 PM

Roberto,

I received your text messages terminating me and asking that

  iMessage 

# Exhibit "6"

BER-L-000079-19 01/04/2019 11:47:48 AM Pg 29 of 29 Trans ID: LCV201919544



**RC**

Roberto DaSilva-bensi

Tue, Oct 24, 7:46 PM

After talking to you and thinking the best way is for you not to work for me any more. And that's my final decision. I wish you the best of luck and best of health as well. It was a fun Experience working with you. That would be the best for both of us. So once I wish you the best of luck Yolanda

Wed, Oct 26, 3:51 PM

Roberto,

I received your text messages terminating me and asking that I do not return to work. Please mail me my bartending license.

Yolanda Lacalle

**Delivered**

   

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| YOLANDA LACALLE | CENTANNI RISTORANTE AND ROBERTO DASILVA |

**(b)**  County of Residence of First Listed Plaintiff _____  
 *(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____  
*(IN U.S. PLAINTIFF CASES ONLY)*  
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*  
TY HYDERALLY, ESQ., HYDERALLY & ASSOCIATES, P.C., 33 PLYMOUTH STREET, SUITE 202, MONTCLAIR, NJ 07042 (973) 509-8500

Attorneys *(If Known)*  
NANCY J. ARENCIBIA, ESQ., JACKSON LEWIS P.C., 220 HEADQUARTERS PLAZA, EAST TOWER, 7TH FL., MORRISTOWN, NJ 07960-6834 (973-538-6890)

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>☒ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*

Brief description of cause:  
Fair Labor Standards Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:  
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 02/14/2019 | /s Nancy J. Arencibia |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Nancy J. Arencibia Bar Id# 035431997
Eric G. Guglielmotti Bar Id# 016672009
JACKSON LEWIS P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960
(973) 538-6890
ATTORNEYS FOR DEFENDANTS

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| YOLANDA LACALLE, | : |
| Plaintiff, | : Civil Action No.: |
| | : |
| v | : **CERTIFICATE OF SERVICE** |
| | : |
| CENTANNI RISTORANTE, ROBERTO DASILVA, JOHN DOES 1-10, AND XYZ CORP. 1-10, | : |
| | : |
| Defendants. | : |

I hereby certify that a true and correct copy of Defendants' Notice and Petition for Removal, Notice of Compliance with U.S.C. § 1446(d), Civil Cover Sheet, and this Certificate of Service were filed with the Clerk using the ECF system and also served upon Plaintiff's counsel, Ty Hyderally, Esq., Hyderally & Associates, P.C., 33 Plymouth Street, Montclair, New Jersey 07042 by sending said documents, via ECF and e-mail on this 14th day of February 2019.

_Lori Cell_
Lori Cell

Dated: February 14, 2019
4822-0309-3128, v. 1